44

PAGE
INTENTIONALLY
LEFT BLANK

45

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : 08 Civ. 4612-CM (ECF Case) |
| JOHN MICHAEL KELLY, STEVEN E. RINDNER, JOSEPH A. RIPP, and MARK WOVSANIKER, | : |
| Defendants. | : |

**DEFENDANT J. MICHAEL KELLY'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

## ANSWER TO COMPLAINT

Defendant J. Michael Kelly, by his undersigned counsel, for his Answer to the Complaint of plaintiff the Securities and Exchange Commission (the "Plaintiff"), respectfully alleges as follows:

### General Denial

Except as otherwise expressly recognized herein, Mr. Kelly denies each and every allegation in the Complaint, including, without limitation, any allegations contained in the preamble, headings, or subheadings of the Complaint. Mr. Kelly expressly reserves the right to seek to amend and/or supplement his Answer as may be necessary.

### Response to Specific Allegations

1.      Mr. Kelly denies the allegations of Paragraph 1[1] as they pertain to him, except admits that he was an employee of America Online, Inc. ("AOL") during the period from mid 2000 through the end of 2000, that he was an employee of AOL's successor company, AOL Time Warner, Inc. ("AOLTW"), during the period from mid January 2001 through the end of 2001, and that he was an employee of AOL during the period from the end of 2001 to March 31, 2005.

2.      Mr. Kelly denies the allegations contained in Paragraph 2 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the

---

[1]     All references to "Paragraph" refer to the paragraphs in the Complaint.

truth of the remaining allegations, except to the extent to which the paragraph contains conclusions of law as to which no response is required.

3.      Mr. Kelly denies the allegations contained in Paragraph 3 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except to the extent to which the paragraph contains conclusions of law as to which no response is required.

4.      Mr. Kelly denies the allegations contained in Paragraph 4 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except to the extent to which the paragraph contains conclusions of law as to which no response is required.

5.      Mr. Kelly denies having knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to the conduct of the Veritas Software Corporation ("Veritas") contained in Paragraph 5.  Mr. Kelly denies the remaining allegations contained in Paragraph 5, except admits that Veritas was a customer of AOL's and that certain of AOL's customers were public companies with securities registered with the SEC.

6.      Mr. Kelly denies the allegations contained in Paragraph 6 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

7.      Mr. Kelly denies the allegations contained in Paragraph 7 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except to the extent that the paragraph contains

3

conclusions of law as to which no response is required, and except admits that AOLTW

reported or announced restatements of its financial results on January 28, 2003, on March

11, 2005, and August 17, 2006, reference to which is made for the terms and contents

thereof.

      8.     The allegations of Paragraph 8 state conclusions of law as to which no

responsive pleading is required. To the extent a response is required, Mr. Kelly denies

the allegations in Paragraph 8.

      9.     The allegations of Paragraph 9 state conclusions of law as to which no

responsive pleading is required. To the extent a response is required, Mr. Kelly denies

the allegations in Paragraph 9.

      10.    The allegations of Paragraph 10 state conclusions of law as to which no

responsive pleading is required. To the extent a response is required, Mr. Kelly denies

the allegations in Paragraph 10.

      11.    The allegations of Paragraph 11 state the relief sought by the Plaintiff and

no responsive pleading is required. To the extent a response is required, Mr. Kelly denies

the allegations in Paragraph 11.

      12.    The allegations of Paragraph 12 state conclusions of law as to which no

responsive pleading is required. To the extent a response is required, Mr. Kelly denies

the allegations in Paragraph 12.

      13.    The allegations of Paragraph 13 state conclusions of law as to which no

responsive pleading is required. To the extent a response is required, Mr. Kelly denies

the allegations in Paragraph 13.

14.     Mr. Kelly admits that he resides in Potomac, Maryland, that he is at present 53 years of age, and that he is a certified public accountant of inactive status. Mr. Kelly further admits that he was the CFO of AOL from July 1998 to January 2001, that he became the CFO of AOLTW in January 2001, and that he became the COO of the AOL, Inc. division in November 2001. Mr. Kelly further admits that he left the Company in March 2005. Mr. Kelly also admits that in December 2002 he became the Chairman and CEO of AOL International and AOL Web Services.

15.     Mr. Kelly denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16.     Mr. Kelly denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17.     Mr. Kelly denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18.     Mr. Kelly admits the allegations contained in Paragraph 18.

19.     Mr. Kelly admits that Ernst & Young LLP ("E&Y") is an accounting firm headquartered in New York, New York and that E&Y served as AOL and AOLTW's outside auditors. Mr. Kelly denies the remaining allegations of Paragraph 19.

20.     Mr. Kelly admits the allegations contained in Paragraph 20.

21.     Mr. Kelly denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, except admits that the SEC issued a cease-and-desist order against AOL in the year 2000, reference to which is made for the full and true contents thereof.

22.     Mr. Kelly denies the allegations contained in Paragraph 22 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

23.     Mr. Kelly denies the allegations contained in Paragraph 23.

24.     Mr. Kelly denies the allegations contained in Paragraph 24, except admits that in his capacity as CFO he participated in discussions concerning various goals, objectives, and targets for the Company.

25.     Mr. Kelly denies the allegations contained in Paragraph 25 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except to the extent to which the paragraph contains conclusions of law as to which no response is required.

26.     Mr. Kelly denies the allegations contained in Paragraph 26 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except to the extent to which the paragraph contains conclusions of law as to which no response is required.

27.     Mr. Kelly denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

28.     Mr. Kelly denies the allegations contained in Paragraph 28 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except to the extent to which the paragraph contains conclusions of law as to which no response is required.

29.     Mr. Kelly denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

30.     Mr. Kelly denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31.     Mr. Kelly denies the allegations contained in Paragraph 31 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except to the extent to which the paragraph contains conclusions of law as to which no response is required.

32.     Mr. Kelly denies the allegations contained in Paragraph 32, except admits that he was the CFO of AOL from July 1998 until January 2001, that he was the CFO of the combined company from January 2001 to November 2001, and that in his role as CFO of AOL or AOLTW, as applicable, he signed public filings on the dates and for the periods listed in Paragraph 32, reference to which is made for the full and true contents thereof.

33.     Mr. Kelly denies the allegations contained in Paragraph 33, except admits that in his role as CFO he participated in certain public statements to investors, including certain of those listed in Paragraph 33, reference to which is made for the full and true contents thereof. Mr. Kelly further states that he was not a participant in the January 7, 2002 Earnings/Analysts' call referenced in Paragraph 33.

34.     Mr. Kelly denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.

35.     Mr. Kelly denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35.

36.     Mr. Kelly denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36.

37.     Mr. Kelly denies the allegations contained in Paragraph 37 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

38.     Mr. Kelly denies the allegations contained in Paragraph 38 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except to the extent to which the paragraph contains conclusions of law as to which no response is required.

39.     Mr. Kelly denies the allegations contained in Paragraph 39 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except to the extent to which the paragraph contains conclusions of law as to which no response is required.

40.     Mr. Kelly denies the allegations contained in Paragraph 40 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except to refer the Court to the specific pronouncements of the Financial Accounting Standards Board's Statement of Financial Accounting regarding generally accepted accounting principles ("GAAP") and for the full and true contents thereof.

41.   Mr. Kelly denies the allegations contained in Paragraph 41 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except to the extent to which the paragraph contains conclusions of law as to which no response is required.

42.   Mr. Kelly denies the allegations contained in Paragraph 42 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except to the extent to which the paragraph contains conclusions of law as to which no response is required.

43.   Mr. Kelly denies the allegations contained in Paragraph 43 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except to the extent to which the paragraph contains conclusions of law as to which no response is required.

44.   Mr. Kelly denies the allegations contained in Paragraph 44 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except admits that in his role as CFO he participated in certain public statements to investors, reference to which is made for the full and true contents thereof.

45.   Mr. Kelly denies the allegations contained in Paragraph 45 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except admits that in his role as CFO he participated in the public statements to analysts on the dates listed in Paragraph 45, reference to which is made for the full and true contents thereof.

46.     Mr. Kelly denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46.

47.     Mr. Kelly denies the allegations contained in Paragraph 47 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except to the extent to which the paragraph contains conclusions of law as to which no response is required.

48.     Mr. Kelly denies the allegations contained in Paragraph 48 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except to the extent to which the paragraph contains conclusions of law as to which no response is required.

49.     Mr. Kelly denies the allegations contained in Paragraph 49 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except to the extent to which the paragraph contains conclusions of law as to which no response is required.

50.     Mr. Kelly denies the allegations contained in Paragraph 50 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except to refer the Court to the May 3, 2000, email for the full and true contents thereof.

51.     Mr. Kelly denies the allegations contained in Paragraph 51 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except to the extent to which the paragraph contains conclusions of law as to which no response is required.

52.     Mr. Kelly denies the allegations contained in Paragraph 52 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

53.     Mr. Kelly denies the allegations contained in Paragraph 53, except admits that AOL purchased hardware from Sun Microsystems, Inc. ("Sun"), and except alleges that in November of 1998 AOL and Sun entered into agreements that involved AOL's purchase of network equipment from Sun and Sun's purchase of advertising from AOL.

54.     Mr. Kelly denies the allegations contained in Paragraph 54 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

55.     Mr. Kelly denies the allegations contained in Paragraph 55 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

56.     Mr. Kelly denies the allegations contained in Paragraph 56 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except to the extent to which the paragraph contains conclusions of law as to which no response is required.

57.     Mr. Kelly denies the allegations contained in Paragraph 57 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

58.     Mr. Kelly denies the allegations contained in Paragraph 58 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

59.     Mr. Kelly denies the allegations contained in Paragraph 59 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

60.     Mr. Kelly denies the allegations contained in Paragraph 60 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

61.     Mr. Kelly denies the allegations contained in Paragraph 61 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  With respect to the contracts mentioned in Paragraph 61, Mr. Kelly refers the Court to the documents for the full and true contents thereof.

62.     Mr. Kelly denies the allegations contained in Paragraph 62 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  With respect to the contract mentioned in Paragraph 62, Mr. Kelly refers the Court to the document for the full and true contents thereof.

63.     Mr. Kelly denies the allegations contained in Paragraph 63 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  With respect to the contract mentioned in Paragraph 63, Mr. Kelly refers the Court to the document for the full and true contents thereof.

64.     Mr. Kelly denies the allegations contained in Paragraph 64 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

65.     Mr. Kelly denies the allegations contained in Paragraph 65, except to state that E&Y posted $12.5 million to its summary of audit differences for the period ending September 20, 2000, but passed on the difference because it was not material to AOL..

66.     Mr. Kelly denies the allegations contained in Paragraph 66 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

67.     Mr. Kelly denies the allegations contained in Paragraph 67, except admits that on January 28, 2003, AOLTW filed a Form 10-Q/A that included restatements of the financial results of the AOL segment, reference to which is made for the full and true contents thereof.

68-110.   Paragraphs 68 through 110 of the Complaint, relating to transactions with Veritas, Hewlett-Packard, and Telefonica do not state any allegations against Mr. Kelly and thus no response is required.  To the extent that any of these paragraphs is deemed to state any allegation against Mr. Kelly, he denies each such allegation in its entirety.

111.    Mr. Kelly denies the allegations contained in Paragraph 111 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

13

112.    Mr. Kelly denies the allegations contained in Paragraph 112 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

113.    Mr. Kelly denies the allegations contained in Paragraph 113 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

114.    Mr. Kelly denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114.

115.    Mr. Kelly denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115.

116.    Mr. Kelly denies the allegations contained in Paragraph 116 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  With respect to any document referenced in Paragraph 116, Mr. Kelly refers the Court to the document for the full and true contents thereof.

117.    Mr. Kelly denies the allegations contained in Paragraph 117 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  With respect to any document referenced in Paragraph 117, Mr. Kelly refers the Court to the document for the full and true contents thereof.

118.    Mr. Kelly denies the allegations contained in Paragraph 118 as they pertain to him and denies having knowledge or information sufficient to form a belief as

14

to the truth of the remaining allegations, except to the extent to which the paragraph

contains conclusions of law as to which no response is required.

119.    Mr. Kelly denies the allegations contained in Paragraph 119 as they

pertain to him and denies having knowledge or information sufficient to form a belief as

to the truth of the remaining allegations.

120.    Mr. Kelly denies the allegations contained in Paragraph 120 as they

pertain to him and denies having knowledge or information sufficient to form a belief as

to the truth of the remaining allegations.

121.    Mr. Kelly denies the allegations contained in Paragraph 121 as they

pertain to him and denies having knowledge or information sufficient to form a belief as

to the truth of the remaining allegations.

122.    Mr. Kelly denies the allegations contained in Paragraph 122 as they

pertain to him and denies having knowledge or information sufficient to form a belief as

to the truth of the remaining allegations, except admits that in March 2005 AOLTW filed

its Form 10-K for the year ended December 31, 2004, and that this submission contained

a restatement of its financial results, reference to which is made for the full and true

contents thereof.

123.    Mr. Kelly denies having knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 123, except admits that AOL and

Bertelsmann, A.G. ("BAG") formed a joint venture in 1995 to create AOL Europe, and

that AOL Europe owned and operated European Internet services.  Mr. Kelly refers the

Court to the agreement between AOL and BAG for the full and true contents thereof.

124.    Mr. Kelly denies the allegations of paragraph 124, except to refer the Court to the agreement between AOL and BAG for the full and true contents thereof.

125.    Mr. Kelly denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125, except to state that in January 2001 officials of BAG approached AOLTW regarding amending the terms of the put/call agreement.

126.    Mr. Kelly admits the allegations in Paragraph 126.

127.    Mr. Kelly denies the allegations in Paragraph 127.

128.    Mr. Kelly denies the allegations in Paragraph 128.

129.    Mr. Kelly denies the allegations contained in Paragraph 129 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

130.    Mr. Kelly denies the allegations contained in Paragraph 130 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except admits that AOL and BAG agreed to a put/call amendment in March 2001 and an advertising transaction, reference to which is made for the full and true contents thereof.

131.    Mr. Kelly denies the allegations contained in Paragraph 131 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except admits that AOL and BAG agreed to a put/call amendment in March 2001 and an advertising transaction, reference to which is made for the full and true and contents thereof.

16

132.    Mr. Kelly denies the allegations contained in Paragraph 132 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

133.    Mr. Kelly denies the allegations contained in Paragraph 133, except admits that he communicated with BAG officials and was involved in negotiations regarding the amendments to the put/call agreement.

134.    Mr. Kelly denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134.

135.    Mr. Kelly denies the allegations contained in Paragraph 135 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

136.    Mr. Kelly denies the allegations contained in Paragraph 136 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

137.    Mr. Kelly denies the allegations contained in Paragraph 137 as they pertain to him, except to the extent to which the paragraph contains conclusions of law as to which no response is required, and except admits he signed the Company's 10-Q Forms for the first and second quarters of 2001, reference to which is made for the full and true contents thereof.

138.    Mr. Kelly denies the allegations contained in Paragraph 138 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138.

17

139.    Mr. Kelly denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139.

140.    Mr. Kelly denies the allegations contained in Paragraph 140.

141.    Mr. Kelly denies the allegations contained in Paragraph 141 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except to the extent to which the paragraph contains conclusions of law as to which no response is required.

142.    Mr. Kelly denies the allegations contained in Paragraph 142 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  With respect to any document referenced in Paragraph 142, Mr. Kelly refers the Court to the document for the full and true contents thereof.

143.    Mr. Kelly denies the allegations contained in Paragraph 143 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

144.    Mr. Kelly denies the allegations contained in Paragraph 144 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except to the extent to which the paragraph contains conclusions of law as to which no response is required.

145-80.  Paragraphs 145 through 180, relating to the Ticketmaster, Wembley, and WorldCom transactions, do not state any allegations against Mr. Kelly and thus no

response is required. To the extent that any of these paragraphs is deemed to state any allegation against Mr. Kelly, he denies each such allegation in its entirety.

181.    Mr. Kelly denies the allegations contained in Paragraph 181, except to the extent to which the paragraph contains conclusions of law as to which no response is required, and except admits that he signed certain management representation letters, reference to which is made for the full and true contents thereof.

182.    Mr. Kelly denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182, except to the extent to which the paragraph contains conclusions of law as to which no response is required.

183.    Mr. Kelly denies the allegations contained in Paragraph 183 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except admits that he signed management representation letters, reference to which is made for the full and true contents thereof.

184.    Mr. Kelly denies the allegations contained in Paragraph 184 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except to the extent to which the paragraph contains conclusions of law as to which no response is required.

185.    Mr. Kelly denies the allegations contained in Paragraph 185 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except to the extent to which the paragraph contains conclusions of law as to which no response is required.

186.   Mr. Kelly denies the allegations contained in Paragraph 186 as they pertain to him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except admits the Company reported restatements related to its financial results for 2000, 2001, and 2002, reference to which is made for the full and true contents thereof.

187.   Mr. Kelly admits the allegations in Paragraph 187, except to the extent to which the paragraph contains conclusions of law as to which no response is required.

188.   Mr. Kelly denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188, except to the extent to which the paragraph contains conclusions of law as to which no response is required.

189.   Mr. Kelly denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189, except to the extent to which the paragraph contains conclusions of law as to which no response is required.

190.   Mr. Kelly denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190, except to the extent to which the paragraph contains conclusions of law as to which no response is required.

191.   Mr. Kelly denies the allegations contained in Paragraph 191, except to the extent to which the paragraph contains conclusions of law as to which no response is required.

192.   Mr. Kelly denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192, except to the extent to which the paragraph contains conclusions of law as to which no response is required.

193.    Mr. Kelly denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193, except to the extent to which the paragraph contains conclusions of law as to which no response is required.

194.    Mr. Kelly denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194, except to the extent to which the paragraph contains conclusions of law as to which no response is required.

195.    Mr. Kelly repeats his prior responses to paragraphs 1 through 194 as if fully set forth herein.

196.    The allegations of Paragraph 196 state conclusions of law as to which no responsive pleading is required. To the extent a response is required, Mr. Kelly denies the allegations of Paragraph 196.

197.    The allegations of Paragraph 197 state conclusions of law as to which no responsive pleading is required. To the extent a response is required, Mr. Kelly denies the allegations of Paragraph 197.

198.    Mr. Kelly repeats his prior responses to paragraphs 1 through 194 as if fully set forth herein.

199.    The allegations of Paragraph 199 state conclusions of law as to which no responsive pleading is required. To the extent a response is required, Mr. Kelly denies the allegations of Paragraph 199.

200.    The allegations of Paragraph 200 state conclusions of law as to which no responsive pleading is required. To the extent a response is required, Mr. Kelly denies the allegations of Paragraph 200.

201.    To the allegations in the first sentence of Paragraph 201, Mr. Kelly repeats his prior responses to paragraphs 1 through 194 as if fully set forth herein. The remaining allegations of Paragraph 201 state conclusions of law as to which no responsive pleading is required. To the extent a response is required, Mr. Kelly denies the allegations of Paragraph 201.

202.    The allegations of Paragraph 202 state conclusions of law as to which no responsive pleading is required. To the extent a response is required, Mr. Kelly denies the allegations of Paragraph 202.

203.    To the allegations in the first sentence of Paragraph 203, Mr. Kelly repeats his prior responses to paragraphs 1 through 194 as if fully set forth herein. The remaining allegations of Paragraph 203 state conclusions of law as to which no responsive pleading is required. To the extent a response is required, Mr. Kelly denies the allegations of Paragraph 203.

204.    The allegations of Paragraph 204 state conclusions of law as to which no responsive pleading is required. To the extent a response is required, Mr. Kelly denies the allegations of Paragraph 204.

205.    Mr. Kelly repeats his prior responses to paragraphs 1 through 194 as if fully set forth herein.

206.    The allegations of Paragraph 206 state conclusions of law as to which no responsive pleading is required. To the extent a response is required, Mr. Kelly denies the allegations of Paragraph 206.

207.    The allegations of Paragraph 207 state conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Mr. Kelly denies the allegations of Paragraph 207.

208.    Mr. Kelly repeats his prior responses to paragraphs 1 through 194 as if fully set forth herein.

209.    The allegations of Paragraph 209 state conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Mr. Kelly denies the allegations of Paragraph 209.

210.    The allegations of Paragraph 210 state conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Mr. Kelly denies the allegations of Paragraph 210.

211.    Mr. Kelly repeats his prior responses to paragraphs 1 through 194 as if fully set forth herein.

212.    The allegations of Paragraph 212 state conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Mr. Kelly denies the allegations of Paragraph 212

213.    The allegations of Paragraph 213 state conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Mr. Kelly denies the allegations of Paragraph 213.

214.    The allegations of Paragraph 214 state conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Mr. Kelly denies the allegations of Paragraph 214.

## DEFENSES AND AFFIRMATIVE DEFENSES

As further and separate defenses to the Complaint and each count stated therein,

Mr. Kelly states the following defenses and affirmative defenses:

### First Defense

The Complaint and each count thereof fails to state a claim upon which relief may

be granted.

### Second Defense

The allegations contained in the Complaint are uncertain, ambiguous, and

unintelligible.

### Third Defense

Plaintiff's claims fail because the allegedly false statements and omissions

identified in the Complaint are not material.

### Fourth Defense

The Commission has failed to plead fraud or its predicate acts with the sufficient

particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

### Fifth Defense

The Complaint fails to allege facts and fails to make a showing sufficient to

support any granting of injunctive relief.  There is no threat of future violation by Mr.

Kelly, and Mr. Kelly's history is inconsistent with the likelihood of any future violation

of the securities laws.  Therefore, the SEC cannot establish any basis for injunctive relief.

24

### Sixth Defense

The Complaint fails to allege facts and fails to make a showing sufficient to support any granting of disgorgement. There is no evidence that Mr. Kelly wrongfully obtained profits or avoided losses by reason of the alleged violations or that he sold any securities based on material, non-public information. Further, there is no evidence that investors suffered any losses as a result of the conduct alleged in the Complaint.

### Seventh Defense

The Complaint and each count thereof fails to allege facts and fails to make a showing sufficient to support the imposition of any civil penalties.

### Eighth Defense

Plaintiff's claims that Mr. Kelly be prohibited from serving as a director or officer fails because the alleged conduct does not demonstrate that he is unfit to serve as an officer or director.

### Ninth Defense

Mr. Kelly acted at all times in good faith and did not engage in any manipulative or deceptive act.

### Tenth Defense

Mr. Kelly did not directly or indirectly induce any act or acts constituting the wrongful conduct alleged.

### Eleventh Defense

Mr. Kelly's conduct at all times complied with applicable federal law, statutes and regulations.

### Twelfth Defense

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### Thirteenth Defense

Plaintiff's aiding and abetting claims fail in whole or in part because Mr. Kelly did not have the requisite knowledge for secondary liability and did not participate in any violation by the Company of § 10(b) or Rule 10b-5. Mr. Kelly had no knowledge of any alleged "scheme" to inflate artificially the Company's advertising revenue, and he therefore did not knowingly assist in a violation of § 10(b) or Rule 10b-5. Thus, the SEC lacks an element required by the statute.

### Fourteenth Defense

Plaintiff's claims fail in whole or in part because Mr. Kelly did not falsify or cause to be falsified any book, record, or account, and Mr. Kelly did not act with the requisite state of mind.

### Fifteenth Defense

At the time this Answer is filed, Mr. Kelly's investigation into the facts underlying the Complaint is ongoing. Mr. Kelly, therefore, reserves the right to amend this Answer and assert additional defenses as additional facts are learned in the course of his investigation or through discovery.

WHEREFORE, the Defendant Mr. Kelly respectfully demands judgment in his favor and for such other and further relief as the Court may deem appropriate.

26

## JURY DEMAND

Defendant Mr. Kelly demands a trial by jury as to all issues so triable.

Dated:   October 15, 2009
         New York, New York

Respectfully submitted,

DEBEVOISE & PLIMPTON LLP

_/s/ Jonathan R. Tuttle_

Bruce E. Yannett, Esq.
Andrew J. Ceresney, Esq.
919 Third Avenue
New York, New York  10022
(212) 909-6000

Jonathan R. Tuttle, Esq.
Ada Fernandez Johnson, Esq.
Emily S. Pierce, Esq.
555 13th Street, N.W. Ste. 1100E
Washington, D.C. 20004
(202) 383-8000

*Attorneys for J. Michael Kelly*

27