UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

SECURITIES AND EXCHANGE COMMISSION      :
                                                                            :
                    Plaintiff,                                          :
                                                                            :     08 Civil Action No: 4612 (CM)
                    - vs -                                              ECF Case
                                                                            :
JOHN MICHAEL KELLY,                                    :
STEVEN E. RINDNER, and                                :
MARK WOVSANIKER                                          :
                                                                            :
                    Defendants.
-------------------------------------------------------------------- X

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WOVSANIKER'S MOTION TO STRIKE PLAINTIFF'S RULE 56.1(B) STATEMENT OF ADDITIONAL MATERIAL FACTS PRECLUDING SUMMARY JUDGMENT

K&L GATES LLP
Stephen G. Topetzes (ST-4145) (admitted pro hac vice)
Glenn R. Reichardt (GR-2394) (admitted pro hac vice)
Erin Ardale Koeppel (EK-3460) (admitted pro hac vice)
1601 K Street, N.W.
Washington, D.C. 20006
(202) 778-9000
*Attorneys for Defendant, Mark Wovsaniker*

# TABLE OF CONTENTS

ARGUMENT .................................................................................................................... 2

I.      The SEC's attempt to incorporate its 212-page, 617-paragraph SOF by reference is a
        transparent and prejudicial attempt to avoid the Court's page limits. ................................. 2

II.     References to the SOF fail to "specifically controvert" Mr. Wovsaniker's Fact
        Statements and instead obscure the truly uncontested nature of those Fact
        Statements. ................................................................................................................... 4

        A.      The SEC's repeated references to large blocks of its SOF prejudice Mr.
                Wovsaniker and unnecessarily complicate the Court's task, in blatant
                violation of Local Rule 56.1. .................................................................................. 5

        B.      The SEC's references to large blocks of its SOF obscure the SEC's failure to
                respond *at all* to many of the Fact Statements in Defendant Wovsaniker's
                SUF. ................................................................................................................... 6

III.    The SEC's SOF also violates Local Rule 56.1 because it is neither "short" nor
        "concise" and because it is laced throughout with improper argument. ............................. 7

        CONCLUSION ................................................................................................................... 8

**TABLE OF AUTHORITIES**

Cases

Amalgamated Lithographers of Am. v. Unz & Co.,
    670 F. Supp. 2d 214 (S.D.N.Y. 2009).................................................................................7

Archie Comic Publ'ns v. DeCarlo,
    258 F. Supp. 2d 315 (S.D.N.Y. 2003).................................................................................5

Beck v. Intracorp, Inc.,
    No. 94-1049, 1997 U.S. Dist. LEXIS 24268 (D. Kan. Aug. 13, 1997) .............................8

Durant v. A.C.S. State & Local Solutions,
    460 F. Supp. 2d 492 (S.D.N.Y. 2006).................................................................................6

Goldstick v. Hartford, Inc.,
    No. 00-8577, 2002 WL 1906029 (S.D.N.Y. Aug. 19, 2002)..............................................7

Nigro v. Dwyer,
    438 F. Supp. 2d 229 (S.D.N.Y. 2006).................................................................................4

Santiago v. Newburgh Enlarged City Sch. Dist.,
    485 F. Supp. 2d 327 (S.D.N.Y. 2007).................................................................................5

Stephens v. Thomas Publ'g Co., Inc.,
    279 F. Supp. 2d 279 (S.D.N.Y. 2003).................................................................................7

**Rules**

U.S. District Court for the Southern District of New York Local Rule 56.1………………..passim

Individual Practices of J. McMahon……………………………………………………………… 3

- ii -

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------- X

**SECURITIES AND EXCHANGE COMMISSION**      :
                                             :
       **Plaintiff,**
                                             :
                                             :   **08 Civil Action No: 4612 (CM)**
       **- vs -**                          **ECF Case**
                                             :

**JOHN MICHAEL KELLY,**                       :
**STEVEN E. RINDNER, and**                    :
**MARK WOVSANIKER**                           :
                                             :
       **Defendants.**

----------------------------------------------------------------------- X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WOVSANIKER'S**
**MOTION TO STRIKE PLAINTIFF'S RULE 56.1(B) STATEMENT OF ADDITIONAL**
**MATERIAL FACTS PRECLUDING SUMMARY JUDGMENT**

      Defendant Mark Wovsaniker respectfully submits this Memorandum in support of his

Motion to Strike the Rule 56.1(b) Statement of Additional Material Facts Precluding Summary

Judgment ("SOF") recently filed by Plaintiff Securities and Exchange Commission ("SEC") in

response to his Motion for Summary Judgment.   The SEC's attempt to eschew a detailed or

specific factual discussion in its opposition memoranda and instead to incorporate by reference

and to cite generally to large blocks of its 212-page, 617-paragraph SOF in its Opposition to

Defendant Wovsaniker's Motion for Summary Judgment ("Opposition") and in its Response to

Defendant Wovsaniker's Statement of Undisputed Facts ("SUF") prejudices Defendant

Wovsaniker and violates Your Honor's Individual Practices and the Local Rules of the U.S.

District Court for the Southern District of New York.[1]

---

[1] Defendant Wovsaniker reserves the right to challenge individual aspects of the SEC's SOF, as
well as the over 900 exhibits appended to the SEC's SOF, should the Court deny this motion to
strike.

**ARGUMENT**

Plaintiff's 212-page, 617-paragraph SOF, and its misuse by the SEC, unfairly prejudices Mr. Wovsaniker, fails to comply with this Court's Individual Practices and the District's Local Rules, and frustrates the purposes of those Practices and Local Rules by improperly complicating the process of determining whether the SEC's Opposition raises genuine issues of material fact. The Court should strike the SEC's SOF, any references to the SOF in Plaintiff's Opposition or in Plaintiff's Response to Defendant's Wovsaniker's SUF, and the exhibits attached to the SOF, because the SOF: (1) represents an obvious attempt to avoid the page limits applicable to the SEC's Opposition; (2) fails to "specifically controvert" the Fact Statements in Defendant Wovsaniker's SUF; and (3) is neither "short" nor "concise" (as required by Local Rule 56.1(b)) and is improperly laced with argument.

**I.   The SEC's attempt to incorporate its 212-page, 617-paragraph SOF by reference is a transparent and prejudicial attempt to avoid the Court's page limits.**

The SEC incorporates by reference *the entirety* of its SOF into its Oppositions to each Defendant's Motion for Summary Judgment in an obvious attempt to avoid the page limitations applicable to those Opposition memoranda.  See Opp'n to Wovsaniker at 3, n. 1 ("For a more complete statement of the facts surrounding the scheme alleged in the Complaint, see [SEC SOF] *which is incorporated herein by reference in its entirety*.") (emphasis added); Opp'n to Kelly at 1, n. 1 (same); Opp'n to Rindner at 5, n. 1 (similar).  In addition, throughout the Opposition to Defendant Wovsaniker's Motion for Summary Judgment, the SEC begins its discussion of each transaction described by that Opposition with a citation to *every paragraph* in its SOF concerning that transaction, ranging from 32 paragraphs for one transaction to more than *100*

*paragraphs* for another.[2]  Although it relies on these improper block citations, it is relevant to note that the SEC never even bothers to cite specifically to almost 180 paragraphs of its SOF in its Opposition or its Response to Defendant Wovsaniker's SUF.  Indeed, the SEC's wide-ranging SOF appears to contain 90 paragraphs that are not cited specifically in its opposition papers to the motions for summary judgment filed by *any* defendant.

These attempts to incorporate a massive 212-page, 617-paragraph addendum into the SEC's 35-page Opposition to Defendant Wovsaniker's Motion for Summary Judgment – in which the SEC only discusses a small handful of the "facts" set out in its SOF – represent an obvious and prejudicial disregard of Your Honor's Individual Practices, which state:

> Parties shall not attempt to avoid the above page limits by attaching an affidavit or declaration in lieu of a *fully developed facts section*.  The facts section of a memorandum must include *all of the facts that you will discuss or rely upon* for purposes of the motion under consideration.

Individual Practices of J. McMahon § 2(C) (emphasis added).  Your Honor's Individual Practices further state that: "Failure to comply with any of these guidelines will result in the memorandum being stricken."[3]  On that basis alone, the SEC's SOF should be stricken from the record.

---

[2] See Opp'n to Wovsaniker at 5, n. 2 (incorporating *47 paragraphs*); id. at 7, n. 3 (incorporating *41 paragraphs*); id. at 10, n. 4 (incorporating *32 paragraphs*); id. at 11, n. 5 (incorporating *42 paragraphs*); id. at 14, n. 6 (incorporating *49 paragraphs*); id. at 15, n. 9 (incorporating *51 paragraphs*); id. at 17, n. 10 (incorporating *72 paragraphs*); id. at 21, n. 11 (incorporating *107 paragraphs*); id. at 24, n. 12 (incorporating *97 paragraphs*).

[3] The SEC's SOF and exhibits also suffer from a number of procedural and technical deficiencies that are not the subject of this motion.  This motion addresses a more fundamental and substantive defect in the SEC's SOF, which is that it violates this Court's Individual Practices and the District Court's rules and thereby imposes on Defendant Wovsaniker a substantial prejudice as he attempts to parse the SEC's Opposition to his Motion for Summary Judgment.

## II. References to the SOF fail to "specifically controvert" Mr. Wovsaniker's Fact Statements and instead obscure the truly uncontested nature of those Fact Statements.

The SEC repeatedly responded to the individual Fact Statements in Defendant Wovsaniker's SUF with a brief denial followed by a cross-reference to *every paragraph* in the SEC's SOF concerning the transaction applicable to that Fact Statement.[4]   In one case, the SEC responded to a single Fact Statement by Defendant Wovsaniker by referring to its *entire* SOF. See Resp. to Wovsaniker Fact Statement 63 (directing the Court to "See generally, SEC SOF").

This highly-generalized or scattergun approach is not permissible.  The rules require Plaintiff to state particularly what evidence it believes controvert a statement by Mr. Wovsaniker in his SUF.  Local Rule 56.1(c) dictates that a party opposing summary judgment must "*specifically* controvert[]" the movant's facts with "*correspondingly numbered paragraph[s]*." Local Rule 56.1(c) (emphasis in original).  See also Nigro v. Dwyer, 438 F. Supp. 2d 229, 231 (S.D.N.Y. 2006) (internal quotation omitted) (McMahon, J.) ("Local Rule 56.1 is not a mere formality, but rather is meant to streamline the consideration of summary judgment motions by freeing district courts of the need to hunt through voluminous records without guidance from the parties.").

The SEC has ignored the language and purpose of Local Rule 56.1(c) and instead seeks to use its massive SOF and the broad cross-references thereto contained in its other filings:  (A) to force Mr. Wovsaniker and the Court to hunt through the SEC's SOF to find the responses — if

---

[4] See Resp. to Wovsaniker Fact Statement 91, 92-96, 98-107 (referring to *all 47 paragraphs* in the SEC's SOF about the Sun transaction); id. at 110-12, 115 (*all 41 paragraphs* about the Veritas transaction); id. at 128, 131-35, 145 (*all 32 paragraphs* about the Hewlett Packard transaction); id. at 143-44 (*all 42 paragraphs* about the Telefonica transaction); id. at 161, 163, 165-72, 174-78, 180 (*all 100 paragraphs* about the Ticketmaster and Wembley transactions); id. at 182-83 (*all 72 paragraphs* about the June 2001 Worldcom transaction); id. at 184-85, 187 (*all 178 paragraphs* about the Worldcom transactions); id. at 189-90 (*all 97 paragraphs* about the Bertelsmann transactions).

any — to Mr. Wovsaniker's Fact Statements; and (B) to hide the SEC's failure to respond to many of Defendant Wovsaniker's Fact Statements.  Respectfully, this effort by Plaintiff should not be countenanced by the Court.

> A.   The SEC's repeated references to large blocks of its SOF prejudice Mr. Wovsaniker and unnecessarily complicate the Court's task, in blatant violation of Local Rule 56.1.

The SEC's routine reference to every paragraph in its SOF concerning each transaction being discussed makes it unnecessarily difficult to discern whether genuine issues of material fact exist, requiring Mr. Wovsaniker and the Court to sift through large blocks of paragraphs to find a relevant response — *if one even exists*.

In a particularly egregious example, the SEC responded to Wovsaniker Fact Statement 171 by denying that statement, declaring that a witness and unspecified "documentary evidence" refute that statement, and referring without any guidance to *100 paragraphs* of the SEC's SOF for support.  Such a response destroys the utility of Local Rule 56.1's paragraph-by-paragraph requirement and does not "specifically controvert" Mr. Wovsaniker's Fact Statements.  As Your Honor has held, "[t]he non-moving party is free to submit its own counter-statement of material facts, but is not thereby relieved of filing a response to the movant's Rule 56.1 Statement in the form specified by the rule."  Santiago v. Newburgh Enlarged City Sch. Dist., 485 F. Supp. 2d 327, 330-31 (S.D.N.Y. 2007) (emphasis added).  See also Archie Comic Publ'ns v. DeCarlo, 258 F. Supp. 2d 315, 318 (S.D.N.Y. 2003) ("[A] separate statement is *not* a substitute for the paragraph-by-paragraph response.  The non-movant . . . should not leave it to the Court to cull from this separate statement the pieces of evidence which would support the contentions of the non-movant asserted in its paragraph-by-paragraph response without citation." (internal citation omitted)).

B.      The SEC's references to large blocks of its SOF obscure the SEC's failure to respond *at all* to many of the Fact Statements in Defendant Wovsaniker's SUF.

Besides creating two competing factual statements for the Defendant and the Court to sift through, the SEC's frequent citations to large clusters of paragraphs in its own SOF unfairly obfuscates the state of the record and creates the appearance that the SEC has evidence to refute Mr. Wovsaniker's Fact Statements, when it fact it has none.

For example, Wovsaniker Fact Statement 58 asserts that the SEC has produced no evidence that Mr. Wovsaniker participated in AOL earnings calls or analyst teleconferences. The SEC responded by denying that Fact Statement and by referring to a prior unrelated response to Wovsaniker Fact Statement 55, which referred to a prior unrelated response to Wovsaniker Fact Statement 49, which in turn referred to a prior unrelated response to Wovsaniker Fact Statement 43, which referred to ten paragraphs in the SEC's SOF, *none of which even addresses AOL earnings calls or analyst teleconferences*. See SEC SOF at ¶¶ 34, 35, 37-40, 46, 102, 173, 269.   The SEC's frequent and improper "nesting" of responses with misleading cross-references to its SOF falsely creates the appearance (intentionally or not) that evidence exists to dispute a Wovsaniker Fact Statement, when in fact there is none, anywhere in the SEC's 212-page, 617-paragraph SOF.   Mr. Wovsaniker reasonably should not be required to wade through the SEC's convoluted, voluminous and generalized SOF in order to determine what material "facts" Plaintiff contends remain disputed.   For these reasons, the SEC SOF should be stricken.   See Durant v. A.C.S. State & Local Solutions, 460 F. Supp. 2d 492, 494 (S.D.N.Y. 2006) (McMahon, J.) (striking entire fact response that was "simply a counter-statement of fact, containing no response whatsoever to defendant's Rule 56.1 statement").

**III.** **The SEC's SOF also violates Local Rule 56.1 because it is neither "short" nor "concise" and because it is laced throughout with improper argument.**

Local Rule 56.1(b) allows the nonmovant to submit "*additional* material facts" if "*necessary*" and in a "short and concise" statement.  The SEC's 212-page, 617-paragraph SOF is anything but short and concise and resembles a "lengthy, argumentative recitation of virtually all the facts [plaintiff] deems relevant."  <u>Stephens v. Thomas Publ'g Co., Inc.</u>, 279 F. Supp. 2d 279, 281 (S.D.N.Y. 2003).  Many paragraphs in the SEC's SOF appear to include argument that the SEC has not been able to wedge into its Opposition memoranda.[5]  One particularly troublesome example is SEC SOF ¶ 183, which claims: "Wovsaniker knew or was reckless in not knowing that in substance HP's advertising purchase was a return of the purchase discounts that AOL had obtained, but traded back to HP in exchange for advertising revenue in the same amount."[6]  Such arguments should not be included in a statement of "facts."  <u>See</u> <u>Goldstick v. Hartford, Inc.</u>, No. 00-8577, 2002 WL 1906029, at *1 (S.D.N.Y. Aug. 19, 2002) (striking Rule 56.1 statement that "adds argumentative and often lengthy narrative in almost every case the object of which is to 'spin' the impact of the admissions plaintiff has been compelled to make").  <u>See also</u> <u>Amalgamated Lithographers of Am. v. Unz & Co.</u>, 670 F. Supp. 2d 214, 217 (S.D.N.Y. 2009) (McMahon, J.) (striking plaintiff's entire counterstatement of fact because it was argumentative and duplicative).

---

[5] <u>See</u> SEC SOF at ¶¶ 12, 98, 99, 100, 102, 111, 128, 151, 154, 172, 174, 178, 183, 186, 221, 234, 275, 279, 284, 313, 314, 324, 326, 328, 333, 335, 385, 397, 418, 439, 459, 477, 511, 562, 581, 582, 584, 588, 592, 602, 605, 610, 611, 615, and 617.

[6] <u>See also</u> SEC SOF at ¶ 279 ("By approving AOL's recognition of $12.5 million in online advertising revenue in connection with the Ticketmaster settlement, Wovsaniker knowingly or recklessly violated GAAP by assigning no value to Ticketmaster's settlement offer."); ¶¶ 284 and 328 ("This accounting treatment violates GAAP.").

When faced with similar tactics by a party opposing summary judgment, another District Court struck a Rule 56.1 statement of facts for failure to comply with a local rule very similar to Local Rule 56.1(c) in this District.  In Beck v. Intracorp, Inc., No. 94-1049, 1997 U.S. Dist. LEXIS 24268 (D. Kan. Aug. 13, 1997),[7] "Plaintiffs purport[ed] to 'specifically controvert' several of defendants' individual statements of fact by collective reference to many, and sometimes all, of plaintiffs' [separate statements of fact].'" Id. at *74.  The Court struck the plaintiffs' separate statement of fact and deemed defendants' statements to be admitted for purposes of the motion because plaintiffs:

> "(1) failed to 'specifically controvert' defendants' statements of facts with denials or counter-statements that fairly met the substance of defendants' statements, (2) failed to support many of their facts with adequate citations to the records, (3) intermixed their responses and their own statements of 'facts' with legal arguments and asserted inferences to be drawn from the facts, (4) mischaracterized much of the evidence, and (5) failed to present much of their documentary evidence in an admissible form." Id. at *9.

The SEC's SOF suffers from each of these same problems and should similarly be stricken.

## CONCLUSION

Plaintiff SEC has failed to comply with Local Rule 56.1 and Your Honor's Individual Practices by filing a 212-page, 617-paragraph Statement of Additional Material Facts that the SEC has sought to incorporate by reference, in wholesale fashion, throughout its Opposition to Defendant Wovsaniker's Motion for Summary Judgment.  Instead of responding to Defendant Wovsaniker's Statement of Undisputed Facts in the manner contemplated by Rule 56.1 and Local Rule 56.1, the SEC has bombarded Mr. Wovsaniker and the Court with wholesale incorporation of hundreds of numbered paragraphs (many of which consist of pure argument)

---

[7] In accordance with Your Honor's Individual Practices, a copy of this unreported case, which is not available on WESTLAW, is attached hereto as App. A.

and with generalized or "nested" responses that obscure whether there are genuine issues of material fact related to critical aspects of Defendant Wovsaniker's Summary Judgment Motion.

For these reasons and the other reasons set forth above, Defendant Wovsaniker respectfully requests that the Court strike Plaintiff's Rule 56.1(b) Statement of Additional Material Facts Precluding Summary Judgment, as well as any references to it in the SEC's Opposition or Response to Defendant Wovsaniker's SUF, and any exhibits attached thereto. Defendant Wovsaniker also requests that the Court grant such other and further relief that the Court deems appropriate.

Respectfully submitted,

K&L GATES LLP

_____/s/ Stephen G. Topetzes_____
Stephen G. Topetzes, Esq. (ST-4145) (admitted pro hac vice)
Glenn R. Reichardt (GR-2394) (admitted pro hac vice)
Erin Ardale Koeppel, Esq. (EK-3460) (admitted pro hac vice)

K&L GATES LLP
1601 K Street, N.W.
Washington, D.C. 20006
P:  (202) 778-9000
F:  (202) 778-9100
stephen.topetzes@klgates.com
glenn.reichardt@klgates.com
erin.koeppel@klgates.com

Dated: August 9, 2010