UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                        :

SECURITIES AND EXCHANGE         :
COMMISSION,                                 :      08 Civ. 4612 (CM)(GWG)

                                                      :
                                  Plaintiff,       :            ECF case
                                                      :
                         -against-                 :
                                                      :
JOHN MICHAEL KELLY, STEVEN E.    :
RINDNER, JOSEPH A. RIPP, and MARK  :
WOVSANIKER,                            :
                                                      :
                                    Defendants.   :
------------------------------------------------------------ x


**PLAINTIFF'S OPPOSITION TO
<u>DEFENDANT WOVSANIKER'S MOTION TO STRIKE</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

FACTS ................................................................................................................................................ 1

ARGUMENT ...................................................................................................................................... 3

I.     THE SEC'S OPPOSITION PAPERS MEET THE REQUIREMENTS OF
LOCAL RULE 56.1 ................................................................................................................ 3

     A.     The SEC's Memorandum Of Law Provides Detailed Factual Analysis .................. 3

     B.     The SEC Properly Responded To Wovsaniker's Statement Of
"Undisputed" Facts ........................................................................................................ 6

     C.     The SEC's Statement Of Facts Is Proper Under Local Rule 56.1(b) ...................... 8

     D.     The Relief Sought By Wovsaniker Is Inconsistent With And
Disproportionate To Purported Deficiencies In The SEC's Opposition
Papers ............................................................................................................................. 9

CONCLUSION ................................................................................................................................ 10

# TABLE OF AUTHORITIES

## CASES

*Amalgamated Lithographers of Am. v. Unz & Co., Inc.*, 670 F. Supp. 2d 214 (S.D.N.Y. 2009) ................................................................................................. 9

*Archie Comic Publications, Inc. v. DeCarlo*, 258 F. Supp. 2d 315 (S.D.N.Y. 2003) ............................................................................................................. 7, 9

*Beck v. Consolidated Rail Corp.*, 394 F. Supp. 2d 632 (S.D.N.Y. 2005) ............................ 8

*Durant v. A.C.S. State & Local Solutions, Inc.*, 460 F. Supp. 2d 492 (S.D.N.Y. 2006) ............................................................................................................. 7, 9

*Healthfirst, Inc. v. Medco Health Solutions, Inc.*, 2006 WL 3711567 (S.D.N.Y. Dec. 15, 2006) ................................................................................................ 10

*Magadia v. Napolitano*, 2009 WL 510739 (S.D.N.Y. Feb. 26, 2009) ................................ 6

*Nigro v. Dwyer*, 438 F. Supp. 2d 229 (S.D.N.Y. 2006) .................................................. 3, 7

## STATUTES, RULES AND REGULATIONS

*Local Rule 56.1, U.S. District Court for the Southern District of New York* ............. passim

*Individual Practices of J. McMahon § 2(C))* ............................................................ passim

Plaintiff Securities and Exchange Commission respectfully submits this memorandum in opposition to Defendant Wovsaniker's Motion to Strike.

## PRELIMINARY STATEMENT

The SEC brought this civil enforcement action against four former senior managers of America Online, Inc., and its successor, AOL Time Warner Inc. (collectively, "AOL" or "the Company"). As described in detail in the SEC's Memorandum of Law in Opposition to Wovsaniker's Motion for Summary Judgment, Defendants actively participated in a fraudulent scheme to artificially and materially inflate AOL's advertising revenue. Defendant Wovsaniker, a CPA, was AOL's head of Accounting Policy during the relevant period, and he played a central role in the fraudulent scheme alleged in the Complaint.

Wovsaniker moved for summary judgment on June 11, 2010, and the SEC filed its opposition on July 26, 2010, including a Rule 56.1(b) Statement of Additional Material Facts Precluding Summary Judgment. Wovsaniker now moves to strike the SEC statement of facts, based primarily on purported shortcomings in the SEC's Memorandum of Law and Opposition to Wovsaniker's Statement of Undisputed Facts. Wovsaniker's Motion to Strike is without merit, and should be denied.

## FACTS

In support of his Motion for Summary Judgment, Defendant Wovsaniker filed a 35-page memorandum of law. *See* Wovsaniker Memorandum of Law in Support of Motion for Summary Judgment ("Wovsaniker Memorandum"). He also filed a 39-page statement of facts, comprised of 191 individual assertions of facts and referencing 91 exhibits. *See* Wovsaniker Statement of Undisputed Facts ("Wovsaniker SUF"). Factual citations in the Wovsaniker Memorandum are actually citations to the Wovsaniker SUF. *See*, *e.g.*, Wovsaniker Memorandum, p.3 (citing "SUF

1

# 1-2"). Many of the individual paragraphs in the Wovsaniker SUF include multiple discrete assertions of fact and characterizations, such as the following:

> The Accounting Policy Group's consultations with the Business Affairs Group often occurred in the preliminary stages of the transaction process. Ex. 33 (AOL 2001 Financial Policy & Procedures Manual) at 24AOL001720380. Many of these discussions were conceptual and involved a review of general considerations related to barter, contemporaneous or near-contemporaneous transactions between AOL and the same counterparty, the determination of fair value for accounting purposes, and the timing of potential revenue recognition. Ex. 27 (Wovsaniker Dep.) at 163:9-17, 164:10-24 and 376:14-24; Ex. 33 (AOL 2001 Financial Policy & Procedures Manual) at 24AOL001720380, 82.

Wovsaniker SUF 42.

Defendants Kelly and Rindner followed a similar approach, at least procedurally. Kelly filed a 35-page brief, a 51-page statement of facts comprised of 254 individual paragraphs, an affidavit and 108 exhibits. *See* Kelly Memorandum of Law in Support of Motion for Summary Judgment; Kelly Statement of Undisputed Facts. As with the Wovsaniker Memorandum, the Kelly Memorandum cites repeatedly to his Statement of Undisputed Facts. *See*, *e.g.*, Kelly Memorandum, p.1 (citing "[Kelly's] Statement of Undisputed Facts ('SUF') ¶¶ 15-6, 22"). Rindner filed a 25-page brief, a 20-page statement of facts comprised of 109 discrete paragraphs, and 62 exhibits. *See* Rindner Memorandum of Law in Support of Motion for Summary Judgment; Rindner Statement of Undisputed Facts.

The SEC responded by filing separate memoranda of law responsive to each Defendant's motion, including Wovsaniker's. *See, e.g.,* SEC Memorandum of Law in Opposition to Wovsaniker's Motion for Summary Judgment ("SEC Opposition Memorandum"). Pursuant to Local Rule 56.1(c), the SEC also filed oppositions to each individual Defendant's statement of facts, including Wovsaniker's, disputing certain facts cited by Defendants and admitting others. *See, e.g.,* SEC Opposition to Wovsaniker's Rule 56.1(a) Statement of Undisputed Facts. Rather than filing three separate, largely duplicative, statements of additional facts pursuant to Rule

2

56.1(b), the SEC filed an omnibus statement of facts precluding summary judgment. *See* SEC Rule 56.1(b) Statement of Additional Material Facts Precluding Summary Judgment ("SEC SOF" or "SEC Statement of Facts"). The SEC Statement of Facts includes a general background section, followed by specific facts relevant to each transaction described in the Complaint – Sun Microsystems, Inc., Hewlett-Packard Company, Ticketmaster Corp., Wembley PLC, Veritas Software Corp., Telefonica DataCorp, S.A., WorldCom, Inc., and Bertelsmann, AG. *See*, *generally*, SEC SOF.

## ARGUMENT

### I. THE SEC'S OPPOSITION PAPERS MEET THE REQUIREMENTS OF LOCAL RULE 56.1.

As Wovsaniker correctly notes:

> Local Rule 56.1 is not a mere formality, but rather is meant to streamline the consideration of summary judgment motions by freeing district courts of the need to hunt through voluminous records without guidance from the parties.

Nigro v. Dwyer, 438 F. Supp. 2d 229, 231 (S.D.N.Y. 2006) (McMahon, J.) (citations omitted). Wovsaniker misinterprets the rule, however, since the SEC's opposition papers were designed to streamline consideration of Defendants' motions, including Wovsaniker's, and to guide the Court through the voluminous record in this matter.

#### A. The SEC's Memorandum Of Law Provides Detailed Factual Analysis.

Wovsaniker's motion is based on a false premise – that in opposing his motion, the SEC "eschew[ed] a detailed or specific factual discussion in its opposition memoranda." Wovsaniker Memorandum, p. 1. Wovsaniker's claim is specious - the SEC's Opposition Memorandum includes 25 pages of specific factual allegations directed at Wovsaniker and his role in the scheme alleged in the Complaint. *See* SEC Opposition Memorandum, pp.3-28. Each fact contained therein is supported by reference to specific paragraphs of the SEC Statement of Facts,

3

which in turn generally relate to granular facts that are uniformly supported by one or more citations to the factual record. *See*, *e.g.*, SEC Opposition Memorandum, pp.5-6 (supporting discussion of Wovsaniker's role in Sun transaction with citation to individual paragraph numbers within SEC SOF); SEC SOF 87 ("When Wovsaniker learned of Sun's counterproposal, he intervened and told Sun that its proposed deal structure would not provide the advertising revenue AOL needed. SEC SJ Ex. 105, 3/7/06 Rappaport SEC Tr. 50:19-53:23.").

The background of the scheme alleged in the Complaint, and Wovsaniker's role as head of Accounting Policy at AOL during the pendency of the scheme, is described in detail. *See* SEC's Opposition Memorandum, pp.3-4. His direct involvement in each individual transaction is also laid out in detail. *See* SEC's Opposition Memorandum, pp.4-28. Admittedly, the SEC's factual citations are to the SEC Statement of Facts, but this approach mirrors Defendant Wovsaniker's own approach. *See*, *generally*, Wovsaniker Memorandum (citing paragraphs within the Wovsaniker SUF).

Despite the SEC's use of 25 of the available 35 pages in its brief to describe in detail Wovsaniker's direct involvement in the fraudulent scheme alleged in the Complaint, Wovsaniker asserts that the SEC has attempted to avoid the applicable page limits. *See* Wovsaniker Memorandum, pp.2-3. This claim is disingenuous at best, given that Wovsaniker himself filed a 39-page statement of facts, including 191 individual paragraphs, many containing multiple factual assertions and characterizations. Together, Defendants submitted 110 pages of "undisputed facts," made up of 554 individual paragraphs of factual assertions citing 261 documents in support of their 95 pages of legal memoranda. The SEC's submission should be viewed in this light.

Wovsaniker also casts as improper the SEC's incorporation by reference of the SEC Statement of Facts and citation to particular sections in the SEC Statement of Facts describing each individual transaction. *See* Wovsaniker Memorandum, pp.2-3. In fact, these general citations are provided for completeness, rather than in place of specific citation. With respect to the WorldCom June 2001 transaction, for example, citation to the section of the SEC Statement of Facts related to that transaction allows the Court to understand the transaction as a whole, without the need to hunt through voluminous records. *See* SEC Memorandum, p.17, n.10 ("For a more complete statement of the facts surrounding the WorldCom June 2001 transaction, *see* SEC SOF 343-414, incorporated herein by reference."). If the Court is not inclined to undertake such a broad review, the SEC Opposition Memorandum also cites extensively to specific paragraphs of the SEC Statement of Facts related to Wovsaniker's involvement in each transaction.

For example, the SEC's Opposition Memorandum provides a detailed description of Wovsaniker's direct negotiations with Scott Sullivan of WorldCom:

> After learning the details of the planned transaction from Haire, Wovsaniker negotiated directly with WorldCom CFO Scott Sullivan regarding WorldCom's demand that AOL prepay $80 million. In reporting on his discussion with Sullivan, Wovsaniker noted his discomfort with the deal:
>
>> I am uncomfortable with trying to record a large amount of online advertising revenue upfront, especially in connection with any settlements of the same or similar size amounts. Our proposal currently provides for $275 M of total AOLTW advertising over a 3.5 year period of which 10% would be online. Trying to add a large amount upfront would appear silly in proportion to the rest of the advertising to be recorded. Adding this to the prepaid issue above, would make the transaction as a whole harder to support.
>
> SEC SOF 370. After working out the details with WorldCom, Wovsaniker directed Haire's effort to document the agreement. SEC SOF 371.

SEC Opposition Memorandum, pp.18-19; *see also* SEC Opposition Memorandum, pp.17-21 (describing Wovsaniker's involvement in the WorldCom June 2001 transaction with citation to

individual paragraphs of the SEC SOF, including his knowledge of the specifics of the deal, his interface with AOL's Business Affairs personnel negotiating the deal, his approval of AOL's planned revenue recognition, and his role in convincing Ernst & Young to accept AOL's improper revenue recognition).

This approach, which the SEC followed with respect to each transaction, adheres to both the letter and spirit of this Court's Individual Practices, and properly highlights the myriad issues of material fact that preclude summary judgment. *Cf.* Individual Practices of J. McMahon §2(C) (instructing that "[p]arties shall not attempt to avoid the above page limits by attaching an affidavit or declaration *in lieu of a fully developed facts section*"). The only meaningful difference between the papers submitted by the SEC and those submitted by Wovsaniker is that the SEC sought to provide a more complete and accurate description of Wovsaniker's involvement in the scheme. The SEC's approach was designed to effectuate the goals of Local Rule 56.1 – to streamline the Court's consideration of Defendants' motions and free the Court from the need to hunt through voluminous records without guidance. As a result, Wovsaniker's Motion to Strike should be denied.

**B.     The SEC Properly Responded To Wovsaniker's Statement Of "Undisputed" Facts.**

Wovsaniker also inaccurately asserts that the SEC failed to specifically controvert his statement of "undisputed" facts. Wovsaniker Memorandum, pp.4-6. Local Rule 56.1(c) states that:

> Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.

Local Rule 56.1(c); *see also* Magadia v. Napolitano, 2009 WL 510739, *1-2 (S.D.N.Y. Feb. 26, 2009) (McMahon, J.) (describing requirements of Rule 56.1).

6

The SEC has made a good faith effort to respond, paragraph-by-paragraph with detailed citations, to Wovsaniker's purportedly undisputed facts. *See*, *generally*, SEC Opposition to Wovsaniker SUF. The SEC's effort was complicated by Wovsaniker's submission of "facts" that were often incomplete or misleading, despite containing a grain of truth. For example, when Wovsaniker asserted that he "remained employed by AOL until November 2007," the SEC offered a direct response, coupled with a clarification:

> Admitted as stated, but incomplete. AOL transferred responsibility for accounting policy matters in the future to new personnel, and Mr. Wovsaniker was relieved of his day-to-day responsibilities as AOL Senior Vice President of Accounting Policy effective February 12, 2003. SEC SOF 43.

SEC Opposition to Wovsaniker SUF 36. Wovsaniker also offered repetitive, overlapping, multi-element "facts," including a series designed to minimize his role and the role of AOL's Accounting Policy group (which was led by Wovsaniker). *See*, *e.g.*, Wovsaniker SUF 42-54.

Despite these shortcomings, the SEC made a good faith effort to respond. The SEC's thorough response stands in stark contrast to the responses in the cases cited by Wovsaniker, which typically involved parties that made no meaningful attempt to address movant's facts. In Nigro v. Dwyer, for example, this Court observed:

> Defendant's response to the motion does not include a Rule 56.1 Statement; all he filed is an Affidavit in Opposition and his attorney's Affirmation in Opposition. These responses are not keyed to plaintiffs' Statement of Facts. Nor do they properly cite to evidence in the record, pursuant to Local Rule 56.1(d).

Nigro v. Dwyer, 438 F. Supp. 2d at 231; *see also* Durant v. A.C.S. State & Local Solutions, Inc., 460 F. Supp. 2d 492, 494 (S.D.N.Y. 2006) (McMahon, J.) (noting that plaintiff filed only affidavits that did not correspond to movant's fact statement and were unsupported by citations to evidence); Archie Comic Publications, Inc. v. DeCarlo, 258 F. Supp. 2d 315, 318-19 (S.D.N.Y. 2003) (Kaplan, J.) (similar, noting that defendant left the court to "scour the record on its own in a search for evidence"). Given the SEC's paragraph-by-paragraph response to

7

Wovsaniker's facts, including detailed citations to evidence, these cases are inapposite and Wovsaniker's Motion to Strike should be denied.

### C. The SEC's Statement of Facts Is Proper Under Local Rule 56.1(b).

Wovsaniker also objects to the SEC's Statement of Facts, although it was properly filed pursuant to Local Rule 56.1(b). *See* Beck v. Consolidated Rail Corp., 394 F.Supp.2d 632, 637 (S.D.N.Y. 2005) (McMahon, J.) (explaining that Local Rule 56.1(b) allows filing of separate statement of facts by non-movant) (citations omitted). Wovsaniker's objection is fairly limited. Among the hundreds of targeted, well-supported factual assertions submitted by the SEC, Wovsaniker takes specific issue with only a handful, claiming that they are argumentative, and makes the same claim about a limited subset of others without providing any explanation. *See* Wovsaniker Memorandum, p.7. Even a cursory review of Wovsaniker's examples shows that his position is untenable - the SEC's assertion that Wovsaniker knew that the accounting treatment of certain transactions violated GAAP is a disputed issue of material fact at the crux of this case. *Id.*, p.7, n.6.

Wovsaniker further assails the SEC's Statement of Facts as "anything but short and concise," despite the fact that he filed a 39-page statement of facts, including 191 individual paragraphs, in addition to his 35-page brief, while Defendants together submitted 110 pages (and 554 individual paragraphs) of factual assertions. *See* Wovsaniker Memorandum, p.7. The SEC's response is proportional, and seeks to provide the context necessary for the Court to understand each Defendant's involvement in the scheme, while freeing the Court from the "need to hunt through voluminous records." *See*, *e.g.*, SEC SOF 370 (quoting Wovsaniker email expressing his discomfort with the planned revenue recognition associated with the WorldCom June 2001 transaction).

8

Nor is Wovsaniker's legal analysis persuasive. Cases in which Rule 56.1 counterstatements are stricken, including those cited by Wovsaniker, generally involve counterstatements of fact that were (1) offered in lieu of a meaningful response to movant's facts, (2) comprised of argument rather than fact, (3) unsupported by citation to evidence, or some combination of the three. *See*, *e.g.*, Amalgamated Lithographers of Am. v. Unz & Co., Inc., 670 F. Supp. 2d 214, 217 (S.D.N.Y. 2009) (McMahon, J.) (striking *sua sponte* non-movant's counterstatement where "for the most part, it is legal argument. To the extent it contains any 'statements of fact,' it merely duplicates Defendant's Rule 56.1 Reply."); Durant, 460 F. Supp. 2d at 494 (striking counterstatement "containing no response whatsoever to defendant's Rule 56.1 statement" and "not supported by citations to admissible evidence"); Archie Comic, 258 F. Supp. 2d at 318 (explaining that "while it 'is permissible for the non-movant to provide a separate statement, apart from this paragraph-by-paragraph response, in which it lists other facts it claims to be in dispute ... [,] this separate statement is not a substitute for the paragraph-by-paragraph response.'"). The SEC's Statement of Facts, on the other hand, is presented in addition to, not in lieu of, a paragraph-by-paragraph response to Wovsaniker's facts; it is fact-based rather than argumentative; and it contains detailed citations to evidence. Wovsaniker's Motion to Strike is therefore unfounded, and should be denied.

      **D.**    **The Relief Sought By Wovsaniker Is Inconsistent With And Disproportionate To Purported Deficiencies In The SEC's Opposition Papers.**

Wovsaniker focuses his criticism on the Opposition Memorandum and Opposition to Wovsaniker SUF, but he seeks relief that would do nothing to cure the purported deficiencies in either document. Wovsaniker correctly notes that this Court's Individual Practices require that all memoranda include a "fully developed fact section," and that failure to comply with any of

9

these guidelines may result in the memorandum being stricken. Wovsaniker Memorandum, p.3 (citing Individual Practices of J. McMahon § 2(C)). Wovsaniker misapplies the rule, however, and seeks to strike an entirely different document - the SEC's Statement of Facts. Wovsaniker Memorandum, p.3. Wovsaniker cites no precedent for such an application of this Court's Individual Practices, nor is undersigned counsel aware of any. The few cases cited by Wovsaniker support no such approach, as explained in detail above.

Even if Wovsaniker's position had merit, which the SEC respectfully submits it does not, the relief he seeks is inconsistent with, and disproportionate to, the claimed defects in the SEC's opposition papers. Should the Court determine that the SEC has failed to meet the requirements of Local Rule 56.1, the SEC respectfully submits that the appropriate relief would be to direct it to amend its opposition papers to comply more fully with the rule. *See*, *e.g.*, Healthfirst, Inc. v. Medco Health Solutions, Inc., 2006 WL 3711567, *5 (S.D.N.Y. Dec. 15, 2006) (Carter, J.) (allowing non-movants to amend Local Rule 56.1 responses, noting that "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules"). While the SEC does not believe any such relief is appropriate here, it stands ready to comply with the Court's direction.

## CONCLUSION

Based on the foregoing analysis, Wovsaniker's Motion to Strike should be denied.

Respectfully submitted this the 20th day of August, 2010.

          By:    /s/ John J. Bowers
                   John D. Worland, Jr.(JW-1962)
                   Richard Hong (RH - 4939)
                   John J. Amberg
                   John J. Bowers
                   100 F Street, NE
                   Washington, DC 20549
                   Tel:  (202) 551-4645 (Bowers)
                   Fax:  (202) 772-9246
                   e-mail:  bowersj@sec.gov
                   Attorneys for Plaintiff
                   Securities and Exchange Commission

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that a copy of Plaintiff Securities and Exchange Commission's Opposition to Defendant Wovsaniker's Motion to Strike was served via the Court's ECF system on August 20, 2010 to the following:

Attorneys for Mark Wovsaniker

Steve Topetzes, Esq.
Erin Koeppel, Esq.
Kirkpatrick & Lockhart Preston Gates Ellis LLP
1601 K Street, NW
Washington, DC  20006-1600

Attorneys for J. Michael Kelly

Bruce E. Yannett, Esq.
Andrew J. Ceresney, Esq.
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

Attorneys for Steven E. Rindner

Mark Hulkower, Esq.
Jonathan Drimmer, Esq.
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington DC 20036

/s/ John J. Bowers
Attorney for Plaintiff Securities and
Exchange Commission