UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
                                                                                :

SECURITIES AND EXCHANGE
COMMISSION,
                                                                                         08 Civ. 4612 (CM)

                          Plaintiff,
                                                                                          ECF Case

                        -against-

JOHN MICHAEL KELLY, STEVEN E.
RINDNER, JOSEPH A. RIPP, and MARK
WOVSANIKER,

                        Defendants.

-------------------------------------------------------- x


**SECURITIES AND EXCHANGE COMMISSION'S**
**PROPOSED JURY VOIR DIRE QUESTIONS**

      Plaintiff Securities and Exchange Commission respectfully proposes the following

questions for voir dire with respect to the trial of this case.

**GENERAL QUESTIONS**

1.      To put the voir dire questions in context, the SEC respectfully requests that the jury be generally informed of the nature of the case, along the lines of the following:

Plaintiff Securities and Exchange Commission ("SEC" or "Commission") alleges that former managers/employees of America Online, Inc. and AOL Time Warner, Inc. (collectively or individually "AOL") – Defendants Steven E. Rindner ("Rindner") and Mark Wovsaniker ("Wovsaniker") – violated various federal securities laws, and aided and abetted AOL's violations of those laws.  The SEC challenges the bona fides of transactions between AOL and eight different suppliers and customers.  In particular, the SEC alleges that AOL purposefully agreed to pay inflated prices for goods, services or the settlement of disputes in order to give its counterparties the means to pay for advertising they would not have otherwise purchased (or for more advertising than they would have otherwise purchased).  According to the SEC, these types of deals, which the SEC refers to as "round-trip" transactions, had the effect of artificially inflating the company's publicly reported online advertising revenues between 2000 and 2003. The SEC also contends that $400 million paid to AOL in 2001 and 2002 in connection with two advertising transactions entered into between AOL and Bertelsmann, A.G. ("BAG") was improperly reported as online advertising revenue when it should have been accounted for as compensation for amendments to an agreement between AOL and BAG, whereby BAG would sell its 50% interest in AOL-Europe to AOL.

Defendants deny all allegations of misconduct and further deny knowledge of any facts indicating that the transactions were accounted for incorrectly or were anything

other than part of what Defendants contend was AOL's legitimate, strategic plan to use its business leverage to encourage customers who did other business with AOL to use AOL for their online advertising.  Further, Defendants maintain that they did not know or believe that the accounting or reporting for the transactions identified by Plaintiff was inaccurate, deceptive or fraudulent, and to the extent there may have been any accounting errors with respect to any of the ten transactions, that Defendants lacked sufficient knowledge about the circumstances underlying those accounting errors to have committed the alleged securities law violations.

**2.** Background questions:

  a. Employment. Where do you work? What do you do?  Are you a supervisor or manager?

  b. Education.     What is the highest level of education you reached? Did you receive any degree?  What did you study?

  c. Residence.     Where (city, town, or county) do you live?

  d. Marital/living status.  Are you married or otherwise living with a significant other?   If so, where does your spouse or significant other work?  What does your spouse or significant other do for a living?

  e. Children.     Do you have any children?  How old are they?  Do they attend school or work?  If work, what do they do for a living?

  f. Military background.  Have you served in the military?  If so, did you receive an honorable discharge?

      g.    Reading habits. What newspapers, magazines, and websites do you read or visit on a regular basis? Do you normally follow business or financial news? Do you read financial publications or visit financial websites; *e.g.*, The Wall Street Journal, Barron's, BusinessWeek, CNBC.com, CNNMoney.com Fortune, Forbes, Fox Business.com, Value Line, Yahoo Finance, or investment newsletters? Have you read books or articles, or seen television programs or movies, or heard radio programs about stock fraud cases or cases brought by the Securities and Exchange Commission? [If so, please identify or describe the books or articles, television programs or movies, or radio programs. Would that affect your ability to be fair and impartial in this case?]

      h.    Television. What kind of television programs do you watch? Do you watch any television programs or listen to radio programs specifically oriented towards business or financial news?

      i.    Social Clubs. What clubs, groups, or organizations do you belong to, or have you belonged to in the last five years?

**TRIAL PERIOD AND SCHEDULE**

    **3.**    The trial of this case is expected to last approximately six weeks. Do you have any plans or commitments which would seriously conflict with your ability to serve as a juror during this period? Do you believe that serving for this period will create an undue hardship on you?

4.       The regularly scheduled hours in this case for the jurors will be _____ a.m. to _____ p.m with a break for lunch.  Do these hours seriously conflict with any commitment or responsibility you have?  Do you believe these hours will impose an undue burden on you?

5.       Do you have any medical or physical conditions which make it difficult for them to see or hear the evidence in the courtroom or to sit for several hours at a time while evidence is presented.  Do you have any medical or physical conditions which would make it difficult for you to see or hear the evidence or sit as a juror in this case?

6.       Do you have any difficulty in reading, writing, speaking, or understanding English?

7.       As part of the trial, witnesses will come in and testify in court.  Some witnesses, however, will not be available live, and so their testimony will be presented via videotape.  Some of the testimony may be longer than others.  Does anyone have a problem with this mode of presentation?

**PARTIES AND COUNSEL**

8.       This is a securities enforcement action.  The United States Securities and Exchange Commission, which is sometimes known as the SEC, is the plaintiff and brought this case against a number of defendants.

9.       Have any of you, a member of your family or a close friend ever had any dealings with the SEC?  If so, what was the nature of the dealing?

10.      The lawyers representing the plaintiff, the Securities and Exchange Commission, in this case are: John Amberg, John Bowers, and John Worland.

 Do any of you know or know of any of these attorneys?  If so, how do you know any of them?

11. The defendants in this case are:

Steven E. Rindner, and Mark Wovsaniker.

Do any of you know or know of any of these individuals?  If so, how do you know them?

12. The lawyers representingrepresenting defendant Wovsaniker are Stephen G. Topetzes, Glenn Reichart, and Erin Ardale Koeppel of the law firm K&L Gates..

Do you know or know of any of these attorneys?  If so, how do you know any of them?  Have you ever had any dealings with their law firm?  If so, please describe.

13. The lawyers representing defendant Rindner are Roger E. Warin, Reid Weingarten, Patrick F. Linehan, and  Robert L. Moore of the law firm Steptoe & johnson.

Do you know or know of any of these attorneys?  If so, how do you know any of them?  Have you ever had any dealings with their law firm?  If so, please describe.

## WITNESSES AND COMPANIES

14. The following list contains the names of some of the possible witnesses who may testify in this case:

| |
|---|
| Arnold Bahlmann |
| Paul Baker |
| James Barge |
| Terry Barnes |
| Greg Beams |
| Douglas Carmichael |
| Steve Case |
| Jessica Reif Cohen |
| Robert Cohen |
| David Colburn |
| Pascal Desroches |
| Jonathan Edson |
| Alan Feldenkris |
| Michael Fogerty |
| Amin Ghossein |
| Ron Grant |

| |
|---|
| Andrew Haire |
| Victoria Harker |
| Doug Horne |
| Steve Hurst |
| Cheryl Ingram |
| Andrew Kearney |
| Eric Keller |
| J. Michael Kelly |
| Stephen Kenny |
| Matt Korn |
| Terry Laber |
| Adam Lehman |
| Mark Leslie |
| Karen Litzinger |
| Lori Locke |
| Siegfried Luther |
| Geraldine MacDonald |
| William McGrath |
| Woody Mewborn |
| Thomas Middlehoff |
| Raymond Murphy |
| Don Neff |
| Robert O'Connor |
| Wayne Pace |
| James Patti |
| H. Edward Paul |
| Richard Place |
| Edward Prince |
| Jay Rappaport |
| Garret Rasmussen |
| Greg Rigdon |
| Steven Rindner |
| Joe Ripp |
| David Saunders |
| David Schmier |
| Francis J. "Skip" Sherman |
| Scott Sullivan |
| Jeff Tyeryar |
| John Underwood |
| Edward Weinstein |
| Jon Werther |
| Mark Wovsaniker |
| Cathy Young |
| |
| |

| |
|---|
| Sharfi Akbar |
| Randall Boe |
| Steve Bollenbach |
| Gary Booth |
| Amanda Burke |
| Paul Cappuccio |
| Robert Carrigan |
| Frank Caufield |
| Tom Colan |
| Jonathan Edson |
| Allan Ferrell |
| Mark Griffiths |
| Brian Heller |
| Heather Henriksen |
| Samara Jaffe |
| Melissa Johnson |
| Brenda Karickhoff |
| Gerald Levin |
| Marc Levin |
| James MacGuidwin |
| Kenneth Marceron |
| Michael May |
| Karina Montgomery |
| Findlay Most |
| Doug Neill |
| Robert Pittman |
| Josh Resnik |
| John Riley |
| Jennifer Robertson |
| Robert Royall |
| Paul Sallaberry |
| Russ Sapienza |
| Steve Schroeder |
| Jerry Sullivan |
| Kent Wakeford |
| Michael Wilner |
| Jeffrey Wilsey |

Do any of you know or know of any of these people? If so, how do you know any of them?

15. Aside from AOL, the evidence in this case will relate, in part, to several other companies:

| |
|---|
| Ernst & Young LLP |
| Sun Microsystems, Inc. |
| Veritas Software Corporation |
| Hewlett-Packard Co. |
| Telefonica DataCorp |
| Bertelsmann A.G. |
| Ticketmaster Corporation |
| Wembley PLC |
| WorldCom Inc. |

Are any of you familiar with any of these companies or anyone who worked for any of these companies?

Have you or any family member ever owned stock in AOL, Time Warner, Inc., or AOL Time Warner, Inc.? If so, please give details (e.g., when, how much stock).

Have any of you ever had any dealings with these companies, which might influence your considerations of the evidence in this case?

**MEDIA**

16. Have you read or heard anything about this case or about anything related to this case? If so, what have you read or heard? Did it cause you to form any opinions which may influence your consideration of the evidence in this case?

**PRIOR EXPERIENCE AND TRAINING**

17. Have you ever been a director or officer in a company? If so what company? Was it publicly traded?

18. Have you ever had any training or work experience in accounting? If so, please describe it.

19. Have you ever had any dealings with auditors? If so, please describe it.

20. Have you ever had any training or work experience in sales? If so, please describe it.

21. Have you ever had any training or work experience in law? If so, please describe it.

22. Have you ever worked for the military or any government agency? If so, what branch or agency and what did you do?

23. What is your view of the federal government, law enforcement agencies, or the SEC?

24. Have you ever served on a jury before? If so, please explain the circumstances and whether the case was a civil or criminal one. Were you a foreperson? Did you reach a verdict?

25. Those of you who have sat on criminal cases as a juror or watch television will have heard of "proof beyond a reasonable doubt." That is the standard of proof that is used in criminal cases. That is not the standard of proof that is to be used here since this is a civil case. Here, the SEC is required to prove its case by "a preponderance of the evidence," which is a lesser standard than that of beyond a reasonable doubt. What that means is the SEC has to produce

evidence which, considered in the light of all the facts, leads you to believe that what the SEC claims is more likely true than not. To put it differently, if you were to put the SEC's and defendants evidence on opposite sides of the scales, the SEC would have to make the scales tip slightly on its side. If the SEC fails to meet this burden, the verdict must be for the defendants. With that understanding of the law, is there anyone on the jury panel who would hold the SEC to a greater burden of proof than that of a preponderance of the evidence?

**INVOLVMENT WITH LITIGATION AND LAW ENFORCEMENT**

26. Have you ever been investigated for any type of alleged wrongdoing by the government (Federal, state or local)? If so, please describe the circumstances.

27. Have you ever been a witness in any investigation for alleged wrongdoing by the government (Federal, state or local)? If so, please describe the circumstances.

28. Have you ever been the victim of an investment or stock fraud? If so, please describe the circumstances.

29. Have you ever been a witness in a civil or criminal case? If so, please explain the circumstances.

30. Have you, any members of your family, or close friends, ever been charged with a criminal offense, other than minor traffic violations? If so, please explain the circumstances.

31. Have you, or any member of your immediate family, ever been employed as a law enforcement officer? If so, in what capacity? If so, do you believe that this might influence your consideration of the evidence in the case?

32. Similarly, have any of you had any experience with a judicial or administrative case or investigation which might influence your consideration of the evidence in this case?

33. Have you ever been personally involved in a lawsuit before, whether it be as a plaintiff, defendant, or witness? [If so, please describe the circumstances. Specifically, what the case was about, what part the juror played in it, and how the case was resolved.] Would you be able to set aside your experiences in that case and decide this case solely on the evidence you hear in court?

**WILLINGNESS TO FOLLOW INSTRUCTIONS AND THE LAW**

34. At the end of the case, the Court (Judge) will instruct you on the law applicable to this case and tell you that you must decide the case based on the law as the Court give it to you. If you disagree with the law as the Court gives it to you, either because you think the Court has stated it incorrectly or because you believe the law should be otherwise, do you have any doubt as to whether you will be able to apply the law as the Court gives it to you?

35. If you are selected as a juror in this case you will be asked to decide at the end of the case, based on the law as the Court gives it to you, and the evidence you see and hear in the courtroom, whether the defendants are liable under the claims in the Complaint. You must do so without regard to bias, sympathy, prejudice or any other such consideration. Do you have any concerns about your ability to decide this case on this basis?

36. Typically, when the Securities and Exchange Commission recovers illegal profits from securities violators, it sets up a distribution plan to return those funds to defrauded investors. Have you ever been a recipient of funds under such a plan? If so, would that affect your ability to be fair and impartial in this case?

37. In the present case, you are to decide the liability of only the three defendants -- before you in court. There may be mention of others who are not before you in court or who are

not alleged to be a defendant during this trial.  There are a variety of reasons why someone may not be present at trial, or alleged to be a defendant.  You are not to speculate about any reason.  You are to only decide the issues before you for the defendant before you in court based upon the evidence presented.  Is there anyone on the panel who cannot promise to do that?

38.     As you have been advised, this is a civil case.  If the defendants are found liable, it will be up to the Court to decide on the appropriate remedy, injunction, civil penalties, and/or officer and director bar.  The remedy is decided by the Court alone.  Jurors can never let concerns about the remedy influence their verdict.  Do you have any concerns about your ability to decide this case without regard to considerations of the remedy?

39.     This case is very important to the Securities and Exchange Commission and to the defendants alike and you must be willing to afford both sides full and fair consideration.  If you are selected to serve on this case you must be a fair and impartial juror.  Is there anything regarding you, your background, or personal circumstances that you believe will not allow you to be a fair and impartial juror in this case?

Dated:  August 15, 2011

s/John D. Worland, Jr.
John J. Amberg
John J. Bowers
John D. Worland, Jr.(JW-1962)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE
COMMISSION
100 F Street, N.E.
Washington, DC  20549